UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| IN RE: | : | |
| R. J. PATTON CO., INC., | : | |
|     Debtor, | : | |
| | : | |
| ROBERTA NAPOLITANO, Trustee, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | Case No: 3:06mc183 (PCD) |
| | : | |
| DAVID HOURIGAN, | : | |
|     Defendant. | : | |

**RULING ON DEFENDANT'S MOTION TO WITHDRAW**

Defendant moves, pursuant to the Seventh Amendment to the United States Constitution, 28 U.S.C. § 157(d) and District of Connecticut Local Bankruptcy Rule 5011-1,[1] for the District Court to withdraw its reference of the above-captioned case to the Bankruptcy Court and transfer it to the District Court for a jury trial before this Court. Plaintiff, the Trustee, has not filed a response to Defendant's motion.

Under 28 U.S.C. § 157(d), a district court "may withdraw, in whole or in part, any case or proceeding referred [to the bankruptcy judges] under this section, on its own motion or on timely motion of any party, for cause shown." Section 157(d) further provides that a district court *shall* withdraw such a proceeding, "on timely motion of a party, . . . if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United

---

[1] Local Bankruptcy Rule 5011-1 provides that: "A motion for withdrawal of reference shall be filed with the clerk of the Bankruptcy Court. The clerk of the Bankruptcy Court shall promptly transmit the motion to the clerk of the United States District Court and notify the movant of the transmission. The movant shall notify all other parties of the transmission. Following transmission of the motion to the clerk of the District Court, all further papers with respect to the motion shall be filed with the clerk of the District Court."

States regulating organizations or activities affecting interstate commerce."

According to the facts set forth by Defendant, the Trustee initiated an adversary proceeding against Defendant, seeking to avoid an allegedly preferential transfer, on May 15, 2006.  On June 13, 2006, Defendant filed an Answer to the Trustee's Complaint and incorporated a Demand for a Jury Trial therein. (See Ans. & Jury Trial Demand, Ex. A to Def.'s Mot.)  On June 19, 2006, the Trustee filed a Motion to Strike, stating that the Trustee did not consent to Defendant's request for a jury trial.  Defendant has not filed a proof of claim in the underlying bankruptcy proceeding or otherwise submitted any claim against the bankruptcy estate.

As the Supreme Court made clear in Granfinanciera, S. A. v. Nordberg, 492 U.S. 33, 106 L. Ed. 2d 26, 109 S. Ct. 2782 (1989) and Langenkamp v. Culp, 498 U.S. 42, 111 S. Ct. 330, 112 L. Ed. 2d 343 (1990), a creditor that does not have or file claims against a debtor's estate is entitled to a jury trial on the issue of whether any payments received from the debtor constituted avoidable preferences. Granfinanciera, 492 U.S. at 58-59 (holding that "under the Seventh Amendment, a creditor's right to a jury trial on a bankruptcy trustee's preference claim depends upon whether the creditor has submitted a claim against the estate," and when a creditor has not filed a claim against the estate, "Congress . . . cannot divest [that creditor] of [its] Seventh Amendment right to a trial by jury"); Langenkamp, 498 U.S. at 44 (affirming the Circuit Court's holding that those creditors "that did not have or file claims against the debtors' estates undoubtedly [were] entitled to a jury trial on the issue whether the payments they received from the debtors within ninety days of the latter's bankruptcy constituted avoidable preferences"). Likewise, this Court finds that Defendant, not having filed a claim against the debtor's estate in the bankruptcy proceeding, is entitled to a jury trial on the issue of whether the payments he

received constituted avoidable preferences.

This finding does not mean, however, that withdrawal is necessary at this stage of the proceedings.  Although the Trustee has already indicated that she will not consent to a jury trial, thereby depriving the Bankruptcy Court of the power to conduct a jury trial under 28 U.S.C. § 157(e),[2] there is nothing preventing Defendant from moving to withdraw the reference at such time as this case becomes trial-ready. See Master-Halco, Inc. v. Richard D'Angelo & Rickster Assocs., LLC, No. 3:06cv1006 (JBA), 2006 U.S. Dist. LEXIS 73930, *13 n.7 (D. Conn. Oct. 11, 2006) (noting that "[t]he equities and efficiencies to be served by referring this case to the Bankruptcy Court warrant such action") (citing In re Enron Corp., No. 04civ7693 (RJH), 2004 U.S. Dist. LEXIS 25259, 2004 WL 2912893, at *2 (S.D.N.Y. Dec. 14, 2004) (denying motion to withdraw without prejudice to renew, observing "a motion for withdrawal should be denied where refusal serves the interests of judicial economy and efficiency, such as where significant pretrial or managerial matters remain, even if the action will ultimately be transferred to a district court because the movant is entitled to a jury trial or to an Article III judge"); Gioia Gucci v. Gucci, No. 96civ8216 (JSR), 1997 U.S. Dist. LEXIS 3001, 1997 WL 122838, at *1 (S.D.N.Y. Mar. 17, 1997) (denying motion to withdraw without prejudice to renew, finding "while there is no question that this case must return to the District Court if and when there is a jury trial, at the present infant stage of the proceeding the issue of withdrawal is discretionary and turns largely on considerations of judicial economy")).  In accordance with those authorities, this Court finds

---

[2] 28 U.S.C. § 157(e) provides that: "If the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial **if** specially designated to exercise such jurisdiction by the district court and with the **express consent of all the parties**." Id. (emphasis added).

that judicial economy and efficiency will be best served by permitting the case to remain in Bankruptcy Court until and if there is a jury trial. Therefore, Defendant's Motion to Withdraw [Doc. No. 1] is **denied**, without prejudice to the motion being renewed when the case becomes trial ready.

    SO ORDERED.

Dated at New Haven, Connecticut, November  30 , 2006.

/s/
Peter C. Dorsey, U.S. District Judge
United States District Court